PHENIX INSURANCE COMPANY OF BROOKLYN v. H. E.
WEYMOUTH ET AL.

[FILED MARCH 9, 1892.]

Review: EVIDENCE examined, and found not to sustain the verdict
and judgment for defendants in error.

ERROR to the district court for Sarpy county. Tried
below before GROFF, J.

*Brome, Andrews & Sheean*, for plaintiff in error.

*James P. Grove, contra.*

POST, J.

This is an action on the following bond:
"Know all men by these presents, that whereas H. E.
Weymouth, of Papillion, in the county of Sarpy, in the

state of Nebraska, has made application for the agency of
the Phenix Insurance Company of Brooklyn, N. Y.: Now
therefore, the said H. E. Weymouth as principal and
John Zimmerman, of Papillion, in the county of Sarpy,
and Rolf Harmsen, of Papillion, in the county of Sarpy,
as sureties, in consideration of the said H. E. Weymouth
being thus appointed as such agent and for value received,
undertake and agree to and with said company, that the
said H. E. Weymouth shall at all times during the con-
tinuance of such agency faithfully perform the duties as
such agent according to the letters of appointment and in-
structions he may receive from time to time from said
company, and shall faithfully account for, return to, and
pay over to said company, its agents, attorneys, or assigns,
all moneys, balances of account, notes and property com-
ing into his possession or under his control, belonging or
owing to said company, or in which said company may be
interested, at such times and in such manner as may be di-
rected and required by said company from time to time,
and shall pay to and liquidate with said company, its agents,
attorneys, and assigns, any and all advances of moneys
made or claims and demands due or owing at any time
from him to said company, and shall keep and perform all
the contracts and obligations made by him to and with said
company, or in anywise relating to or growing out of his
connection therewith, the said sureties waiving (as to the
time the same shall be given) notice of any failure on the
part of the said agent to faithfully perform any of the
duties or obligations aforesaid.

> "H. E. WEYMOUTH.     [L. S.]
> " JOHN ZIMMERMAN.
> "ROLF HARMSEN."

The principal therein, H. E. Weymouth, upon the exe-
cution of said bond, was appointed agent for plaintiff and
continued to act in such capacity from the 15th day of
June, 1885, until the first day of January, 1886.   In its

petition plaintiff alleges that said Weymouth, while acting
as its agent, converted to his own use and embezzled the
sum of $575.41, the property of plaintiff, which he had
collected as premium for insurance written by him, and
which had been advanced to him by plaintiff in the course
of his employment. Weymouth was not found, but the
other defendants answered as follows:

"First—The defendants Rolf Harmsen and John Zim-
merman answering for themselves only, state that they
were sureties upon the said bond of H. E. Weymouth
that as such they had no supervision or control of the
business affairs and adjustments as between the said Phe-
nix Insurance Company of Brooklyn and H. E. Wey-
mouth.

"Second—Defendants allege that the said Phenix In-
surance Company were grossly negligent in not requiring
and compelling accountings and adjustments in the ordi-
nary course of business with the said H. E. Weymouth,
principal, during his agency; but that the said company,
by its agents, knowingly and wrongfully, carelessly to the
prejudice of said sureties, permitted and allowed the said
H. E. Weymouth to receive and convert to his own use,
moneys belonging to the said insurance company, and to
receive continuously during the entire period of his agency
and convert to his own use at various times sums of money
belonging to said company, to the prejudice of the said
bondsmen.

"Third—Defendants further allege that the said Phenix
Insurance Company knowingly extended to the said H.
E. Weymouth credit to an unreasonable extent and be-
yond the bounds of ordinary prudence during his said
agency, to the prejudice of said bondsmen and sureties.

"Fourth—Defendants further allege that the said Phe-
nix Insurance Company, by its agents, advanced cash to
the said H. E. Weymouth $330 at one time, such advance-
ment being unreasonable and wholly unnecessary for the

purposes of the agency of the said H. E. Weymouth, nor was the same expended in that behalf, and such advancement was without the knowledge or consent of the said sureties and to their prejudice.

" Fifth—The defendants allege payment, to-wit, that on or about ——— H. E. Weymouth paid the said Phenix Insurance Company one hundred dollars ($100)."

Subsequently, defendants were permitted to amend their answer by adding the following:

" That the money claimed by the plaintiff to have been advanced by it to Weymouth, its agent, was not advanced by the company, but was by another, or other persons, or was advanced by H. B. Coryell in his individual capacity."

The reply to all these allegations is a general denial.

The testimony clearly showed the conversion by Weymouth of the amount alleged. The principal contention was over the sum of $330 apparently advanced to Weymouth by plaintiff.

Defendants introduced as a witness Mr. Coryell, plaintiff's agent, who gave the only testimony offered in support of the answer. His testimony was to the effect that of the $330 advanced, between $75 and $100 was to reimburse him, witness, on account of small sums advanced out of his own funds, and the balance, about $250, was for a traveling outfit for Weymouth to be used in canvassing for plaintiff. He further testified that such an advancement for such purpose is a customary transaction by insurance companies, including the plaintiff.

Mr. Weyman, a representative of the plaintiff's company, testified that it was customary for plaintiff to advance money to agents canvassing for farm insurance in sums sufficient to enable them to carry on their business, and that the sum of $250 is not an unusual amount. Mr. Campbell, another witness, testified to the same effect.

This testimony is not disputed, and there is no reason apparent why it should have been wholly disregarded by

the jury.    There was no effort to sustain any of the defenses alleged except the fourth, and as to that there is a failure of proof.    The motion for a new trial should have been sustained.    The judgment of the district court is reversed and the case remanded for further proceedings therein.

REVERSED AND REMANDED.

THE other judges concur.